PURA BLANCO WIDOW OF SERRA, Appellant, *v.* THE REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. 1253. Submitted November 7, 1950.—Decided June 15, 1950.

*Córdova & González* and *Alberto Picó Santiago* for appellant. The Registrar appeared by brief.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On April 2, 1946 Pura Blanco widow of Serra, sold to Antonia Serra, by public deed No. 8 executed before Notary Guillermo E. González, an urban lot located in Bayamón. The deed contains the following clause:

"This deed of sale is effected for the agreed price of NINE THOUSAND TWO HUNDRED FIFTY DOLLARS ($9,250), which amount the vendor states she has received from the purchaser, to her entire satisfaction prior to this act and whereby she grants a normal and valid receipt of payment."

534

Said deed of sale was recorded in the Registry of Property of Bayamón on page 124 back, volume 120 of Bayamón, property No. 1977 duplicate, tenth entry.

On March 29, 1949 the same parties appeared before the same notary and executed, under No. 1 of his protocol of that year, a deed entitled "Explanatory Deed and Receipt of Payment" in which after mentioning said sale, the following was stated in one of its clauses:

"In the said deed of sale it was stated that the price of the latter was the sum of Nine Thousand Two Hundred Fifty Dollars ($9,250) and on stating said price the executing parties made a mistake because the fixed and agreed price of said sale was the sum of FOUR THOUSAND THREE HUNDRED AND SEVENTY DOLLARS ($4,370) and the mistake in stating said price is explained as follows:

"The agreement of both parties was the sale of the described lot for the same price for which it was appraised by the Treasurer of Puerto Rico, for the purpose of the inheritance tax, after the death of Juan Primitivo Serra Defontaine, husband of the appellant, Pura Blanco, widow of Serra, which was the same price fixed on said lot in the deed of dissolution of community partnership and partition of property executed before this notary under number five, on February twenty-six, nineteen hundred forty-six. The description of the aforementioned lot in the deed of dissolution of community partnership and partition of property appears on pages seven and eight of said deed, which correspond to pages forty-seven and forty-eight of the protocol of this notary for the year nineteen hundred forty-six and that when copying the price of the aforementioned lot in the said deed of dissolution of community partnership and partition of property the figure Nine Thousand Two Hundred Fifty Dollars ($9,250) which appears on page seven of the original of said deed which corresponds to page forty-seven of the protocol of this notary for the year nineteen hundred forty-six, was copied instead of copying the figure which corresponded to said lot and which appears after its description and after the description of its title on page nine of the said deed which corresponds to page forty-nine of the protocol of this notary for the year nineteen hundred forty-six.

"Upon executing deed of sale number eight of April two, nineteen hundred forty-six, it was stated that the price of said sale had been paid in order that the property sold would not be encumbered in any way, but the truth is that the said price was not paid either before or at the execution of the said deed and the parties agreed that said price would be paid by the purchaser without any interest thereon at any time before June thirty, nineteen hundred and forty-nine and the error committed in the selling price was discovered by both parties when Mrs. Antonia Serra, the purchaser, intended to pay said price whereupon both parties realized the error committed."

Immediately following and in the third clause, they stated:

"The parties now make clear and amend the second clause of the deed of sale executed before this notary under number eight, on April two, nineteen hundred forty-six, to the effect that the fixed and agreed price of the sale was the sum of FOUR THOUSAND THREE HUNDRED SEVENTY ($4,370) DOLLARS, which sum has been paid by the purchaser to the vendor, to the latter's satisfaction, by delivering to the vendor check number sixteen, dated March twenty-eight, nineteen hundred forty-nine against the Bayamón Branch of the Banco Popular of Puerto Rico, which the vendor accepts and receives in full payment for the price of the afore-mentioned sale and which check copied verbatim says:" (it is copied in the deed).

After the deed was presented to the registry for its recording, the respondent Registrar returned the same with the following note:

"This document is returned without any action having been taken thereon because none of the errors provided by §§ 256 to 262 of the Mortgage Law was committed in the registration of the title sought to be corrected; and, in addition, because the undersigned Registrar lacks jurisdiction to alter in the entry the agreed and paid price between the contracting parties in the document giving rise thereto. Bayamón, April 11, 1949. J. A. Surís Agraít—Registrar."

The present appeal was filed against this note.

Even though the note appealed from says at the beginning "This document is returned without any action hav-

ing been taken . . .", said note really constitutes a denial of the recording sought, since it expresses the reasons the Registrar had for not doing it. He has, in effect, passed on the document, an action which is reviewable by an administrative appeal. *Land Authority* v. *Registrar*, 65 P.R.R. 481, 488–490; *People* v. *Registrar*, 64 P.R.R. 125, 129; *Guánica Centrale* v. *Registrar*, 23 P.R.R. 682, 683.

 The appellant maintains that the Registrar's note is wrongly based on §§ 256 to 262 [1] of the Mortgage Law which deal with correction of errors of records, material as well as in construction, because in this case we are not dealing with this kind of errors but with correction by both contracting parties of one of the clauses contained in the original contract.

The Registrar on the other hand insists that the explanatory deed was intended to point out the commission of an error in his action and that the correction sought is not authorized by §§ 254 to 264 of the Mortgage Law or 290 to 312 of its Regulations, since there is neither a *mistake* nor a *material* error nor an error *in construction.*

As a matter of fact, this case is not concerned with the correction of an error committed *by* the Registrar. The question is to amend an error in the registration, originating from an error appearing in the recorded document by the parties themselves—and hence in the registry—and in the recording of this document. The entry was properly made by the Registrar.

Articles 254 and 264 of the Mortgage Law and the concomitants of its Regulations refer to correction of errors in the registry, either material or in construction, committed by the Registrar himself on his own responsibility in some cases or with the consent of the interested party or by court order in others. Commenting on these Articles Morell says in his book *Legislación Hipotecaria,* volume 4, p. 662:

---

[1] Should be §§ 254 to 264 of the Mortgage Law.

"Entries in the registry are based on the title or document presented for recordation. The title may be incorrect as to some fact of more or less importance or as to some concept, and evidently the mistake will then pass on, to the registry which will not reveal the truth. Nevertheless, if the recordation made conforms to the title, the entry has been faithfully made. The Registrar in such a case commits no error and no rectification can be demanded of him. It was so established in the order of January 10, 1900 and the decision of June 7, 1861. *The interested parties, independently from the Registrar, may execute a new document setting forth the truth of the facts, the error committed by them or by the notary or the authorizing officer, or the real scope of the agreement or of the right granted.* And if the interested parties do not reach an agreement, any one of them may resort to a court which shall decide the proper procedure as to the correction sought." (Italics ours.)

Under the aforesaid doctrine, the recordation of the document lies in this case, in which the parties themselves stated, on their own responsibility the truth of the facts, the error committed, and the true scope of the agreement. Of course, an amended recordation becomes effective only from the date when the document stating the correction is recorded. 1 Galindo y Escosura, *Legislación Hipotecaria* 643, 644.

The note appealed from will be reversed and the document to which it refers will be recorded.